Nathaniel B. Merrell, Esq. Village Attorney, Lowville
You have asked whether a town attorney may also serve as attorney for a village located wholly within the town.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
Villages and towns are separate and independent levels of government. While occasionally there will be matters affecting the interests of both municipalities, we foresee no inevitable and substantial conflict of interests for a person serving as attorney for both the town and village. It is conceivable that the town and village may become engaged in litigation or there may be contracts between the two municipalities. Of course, in these situations it would be improper for the same person to represent both municipalities. The deputy town and village attorneys can handle these matters or outside counsel can be obtained. In the event of other actual or apparent conflicts, the appropriate remedy is recusal.
Earlier opinions of our office concluded that these positions are incompatible (1969 Op Atty Gen [Inf] 128; 1949 Op Atty Gen [Inf] 57). The findings of incompatibility were based on the potential for a conflict of interests in the event the town and village become involved in litigation (ibid.). Such a conflict, however, is by no means inevitable, and today we find that it does not render the offices of town and village attorney incompatible.
We conclude that the positions of the town attorney and village attorney are compatible.